[No. 2494.  Decided January 28, 1897.]

JAMES J. CONNER, *Respondent*, v. JAMES SCOTT, *Appellant*.

PLEADING—GARNISHMENT AS A DEFENSE—COUNTERCLAIM.

The action of the court in striking out an answer setting up that defendant had been garnished for the indebtedness sued on in favor of a creditor of the plaintiff is not erroneous, when the answer itself shows that no answer had been made by the defendant in the proceeding in which he had been garnished.

Under Code Proc., § 195, subd. 2, a cause of action cannot be pleaded as a counterclaim if it did not exist at the commencement of the action in which it is pleaded, unless it is one arising out of the contract or transaction set forth in the complaint.

Appeal from Superior Court, Skagit County.—Hon. GEORGE A. JOINER, Judge *pro tem.*   Affirmed.

*Million & Houser*, for appellant.
*Moore & Pittman*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—There are but two questions raised on this appeal.   Action was brought to recover on two

causes of action. At the close of the plaintiff's testimony a motion was made for defendant for a non-suit of the plaintiff's first cause of action, which motion was by the court sustained. The defendant answered that, if he was in any way indebted to plaintiff, the amount of such indebtedness had been garnished upon and judgment rendered against plaintiff in favor of one Henry Quinn. Upon motion of the plaintiff this cause of action was stricken from the answer, and the action of the court in sustaining said motion to strike is assigned as error here. The defendants also set up as counterclaim a certain promissory note made by plaintiff to one D. B. Minkler, which defendant signed as surety, and as such he alleged he was compelled to pay. The testimony in support of this defense showed that the note alleged to have been taken up by defendant as surety had not been paid or taken up until after the commencement of this action by the plaintiff. On motion, a non-suit was granted in favor of the plaintiff for this cause of action, and the granting of said motion is also assigned as error.

So far as the count of garnishment is concerned, it is not sufficiently pleaded to become a defense to the action, the answer itself stating that no answer to said writ of garnishment had been made by the defendant.

On the other point, the sustaining of the motion for non-suit on the ground that the note had not been paid until after the commencement of the action, appellant admits that the general rule of law is that a demand must be enforcible at the time of the commencement of the action before it can be pleaded as a counterclaim, but that the courts will not always recognize this rule, and that the case at bar does not discover such facts as would make the reason for the rule applicable, and cites some cases on general prop-

osition.    There is no question of the applicability of the rule involved in this case.    It is purely a statutory provision.    Subdivision 2 of § 195 of the Code of Procedure especially provides that a cause of action which can be pleaded as a counterclaim, where it does not arise out of the contract or transaction set forth in the complaint, must exist at the commencement of the action.    The statute is not susceptible of construction.

Affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.